UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 3:00CR00146(CFD) |
| ) | |
| DAVID ALLEN MATTHEW PAYNE ) | |

## ORDER FINDING VIOLATION OF SUPERVISED RELEASE AND MODIFYING SPECIAL CONDITIONS OF SUPERVISED RELEASE

The above-named, after pleading guilty before the Honorable Robert F. Kelly, United States District Judge, in the Eastern District of Pennsylvania, appeared before the Court for sentencing on September 16, 1999, for a violation of 18 U.S.C. § 1343, Wire Fraud, and was sentenced to serve 13 months' confinement with 36 months' supervised release to follow, with the special condition requiring the defendant to undergo mental health treatment and to pay restitution in the amount of $33,430.34 to the Kellogg Corporation. The defendant was released from imprisonment on March 10, 2000, and began the 36-month supervised release term. On April 19, 2000, jurisdiction was transferred to the District of Connecticut and assigned to the Honorable Christopher F. Droney, United States District Judge, at Hartford, Connecticut, under Docket Number 3:00CR00146(CFD).

The supervised releasee was presented before this Court on November 1, 2000, to answer to the charge that he violated the conditions of his supervised release as cited in a Petition on Probation and Supervised Release dated August 3, 2000. The supervised releasee was represented by Assistant Federal Public Defender Gary D. Weinberger and admitted to the

violation as charged. The Court found the supervised releasee in violation of the terms and conditions of supervised release and scheduled the imposition of sentence for January 29, 2001.

Therefore, on January 29, 2001, the Court, after having found that the supervised releasee had in fact violated the conditions of supervision as cited in the Petition on Probation and Supervised Release, ordered that the supervised release of Mr. Payne be revoked and that he be committed to the custody of the Bureau of Prisons for 4 months, to run consecutive to the sentence of imprisonment also imposed on this date under Docket Number 3:00CR00236(CFD). The Court also re-imposed a term of supervised release of 31 months and 1 week, with its original terms and conditions, to run concurrently with the 36-month term of supervised release imposed in Docket Number 3:00CR00236(CFD). The defendant was released from imprisonment on September 28, 2001, at which time his supervised release commenced.

The supervised releasee was presented before this Court on April 14, 2003, to answer to the charge that he violated the conditions of his supervised release as cited in an amended Petition on Probation and Supervised Release dated April 3, 2003. The supervised releasee was represented by Assistant Federal Public Defender Gary D. Weinberger and admitted to the violation charged in counts one through five. The Court found the supervised releasee in violation of the terms and conditions of supervised release and revoked supervision.

Therefore, on April 14, 2003, the Court, after having found that the supervised releasee had in fact violated the conditions of supervision as cited in charges one through five of the Petition on Probation and Supervised Release, ordered that the supervised release of Mr. Payne be revoked and that he be committed to the custody of the Bureau of Prisons for 18 months, to run concurrent to the sentence of imprisonment also imposed on this date under Docket Number 3:00CR00236(CFD). The Court also re-imposed a term of supervised release of 12 months, with

its original terms and conditions, but for the monthly restitution amount which was reduced to $100, to run concurrently with the 12- month term of supervised release imposed in Docket Number 3:00CR00236(CFD). The defendant was released from imprisonment on June 18, 2004, at which time his supervised release recommenced.

The supervised releasee was presented before this Court on December 20, 2005, to answer to the charge that he violated the conditions of his supervised release as cited in a Petition on Probation and Supervised Release dated June 15, 2005. The supervised releasee was represented by Assistant Federal Public Defender Gary D. Weinberger. On this date the supervised releasee admitted to the violations charged and the Court found the supervised releasee in violation of the terms and conditions of supervised release.

Therefore, on December 20, 2005, the Court, after having found that the supervised releasee had in fact violated the conditions of supervision as cited in the Petition on Probation and Supervised Release, ordered that the supervised release of Mr. Payne be continued for 12 months. The Court ordered that restitution shall be paid at the rate of $200 per month. The original terms and conditions of supervision are to remain in effect.

IT IS SO ORDERED.

Signed and Dated at Hartford, Connecticut, this 30th day of January, 2006.

HONORABLE CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE